UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MELINDA MONET, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-0014 (RMU) |
| | : | | |
| v. | : | Document No.: | 13, 19 |
| | : | | |
| RAMONA MARIE MATHEWS, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |
| | : | | |

**MEMORANDUM OPINION**

This matter is before the court on the defendants' motion to dismiss.[1] For the reasons stated below, the court dismisses the complaint.[2]

**I. BACKGROUND**

The Social Security Administration ("SSA") found the plaintiff disabled beginning August 1, 1995. Motion to Dismiss ("Def.'s Mot."), Declaration of Dennis V. Ford ("Ford Decl.") ¶ (3)(a). Ramona Marie Mathews ("Mathews"), the plaintiff's sister, asked to be selected as the plaintiff's representative payee due to the plaintiff's "mental impairment." *Id.*, Ex. C at 1. SSA selected Mathews to serve as the representative payee in July 2005.[3] *Id.* ¶ (3)(e)

---

[1] Also before the court is the plaintiff's motion for default against defendant Ramona Mathews pursuant to Rule 55 of the Federal Rules of Civil Procedure. The docket reflects that Mathews was served on March 26, 2007, *see* Dkt. #5, and that she neither has entered an appearance nor otherwise responded to the complaint. Given the court's resolution of the defendants' motion to dismiss, the court will deny the motion for default as moot.

[2] The plaintiff concedes that all claims against defendant Thien Khuu should be dismissed. *See* Pl.'s Opp'n at 27.

[3] "Generally, [SSA] appoint[s] a representative payee if [SSA] ha[s] determined that the beneficiary is not able to manage or direct the management of benefit payments in his or her interest." 20 C.F.R. § 404.2001(a).

1

& Ex. E; *see* Compl. ¶¶ 13-15.  According to the plaintiff, Mathews "converted funds paid by [SSA] to [the plaintiff] and or on behalf of [the plaintiff] for her own use."  Compl. ¶ 17; *see* Amd. Compl. ¶¶ 20, 31 & Ex. 1.  SSA opened an investigation regarding Mathews' alleged misuse of benefits and so informed the plaintiff in May 2007.[4]  Ford Decl. ¶ (3)(f) & Ex. Q.

SSA later determined that the plaintiff was ineligible to receive SSA benefits from March 2005 through September 2006 due to her "confine[ment] in an institution as a result of a court order in connection with a criminal case" which was paid with public funds, resulting in an overpayment of $13,254.80.[5]  Ford Decl., Ex. F at 1 & Ex. G at 1.  Benefits were reinstated effective October 2006 following the plaintiff's release from custody on October 5, 2006.  *Id.* ¶ (3)(c) & Ex. L.  SSA granted the plaintiff's request to receive her own benefits directly.  *Id.* ¶ (3)(e) & Ex. O-1 & O-2.  In order to recover the overpayments, SSA notified the plaintiff of its decision to withhold $50 each month.  *Id.*, Ex. P.

The plaintiff has pursued "the issue of overpayment" administratively, and therefore, that issue is not before the court.  Objection of Motion to Dismiss Filed by the United States Attorney ("Pl.'s Opp'n") at 26.  "The issues before the court are limited to [the plaintiff's] assertions that Ramona Mathews converted to her own use Social Security benefits paid for the benefit of [the plaintiff] and that the Social Security Administration was negligent in the appointment and supervision of Ramona Mathews as personal representative resulting in the misuse."  *Id.* at 10; *see id*. at 25-26.  In this action, the plaintiff demands an accounting of all

---

[4] A representative payee misuses benefits when she "receives payment [of SSA benefits] for the use and benefit of another person and converts such payment, or any part thereof, to a use other than for the use and benefit of such other person."  42 U.S.C. § 405(j)(9).

[5] The plaintiff alleges that she "was wrongfully held in custody from 1-25-05 through 10-5-06" because Mathews "falsely reported [her] to the police for sending threatening E-mails."  Compl. ¶ 10.

SSA benefits that Mathews received in her capacity as representative payee and restitution of any misused funds.[6]  *See* Compl. ¶¶ 19, 34-35.

## II.  ANALYSIS

### A.  Exhaustion of Administrative Remedies

The defendants move to dismiss the complaint, as amended, on the grounds that the court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted.  *See* Defs.' Mot. at 1-2.  Specifically, the defendants argue that the plaintiff failed to exhaust her administrative remedies before filing the instant civil action.  *See id.* at 7-15.

Generally, a claimant may seek judicial review "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy . . . by [filing] a civil action [] within sixty days after the mailing to [the claimant] of notice of such decision."  42 U.S.C. § 405(g).  In order to obtain a final SSA decision, a claimant must complete the process of administrative review.  *See* 20 C.F.R. § 404.900(a).

First, SSA makes its initial determination as to a claimant's entitlement to benefits, continuation of benefits, or any other matter, and so notifies the claimant in writing.  20 C.F.R. §§ 404.900(a), 404.904.  An initial determination is binding unless the claimant timely requests reconsideration or unless SSA revises the initial determination.  20 C.F.R. § 404.905.  Initial determinations include those regarding overpayment of benefits, repayment to SSA of overpayments, selection of a representative payee, payment of benefits to a representative payee,

---

[6]  The plaintiff's request that Mathews be removed as representative payee, *see* Amd. Compl. ¶¶ 32-33, is moot.  Pl.'s Opp'n at 4; Ford Decl. ¶ (3)(e).

3

and SSA's negligence with regard to investigating or monitoring a representative payee resulting in the misuse of benefits by that representative payee. *See* 20 C.F.R. § 404.902.

If a claimant is dissatisfied with the SSA's initial determination, she may request reconsideration. 20 C.F.R. § 404.907. Generally a claimant who is dissatisfied with a reconsidered decision may request a hearing before an administrative law judge. 20 C.F.R. §§ 404.907, 404. 930. The administrative law judge makes his decision based on the record before him, setting forth his findings of fact and reasons for the decision. 20 C.F.R. §§ 404.929, 404.953(a). A dissatisfied claimant may request review of an administrative law judge's hearing decision by the Appeals Council, which may affirm, modify or reverse that decision. 20 C.F.R. §§ 404.955(a), 404.967, 404.979. "The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless [the claimant files] an action in Federal district court, or the decision is revised." 20 C.F.R. § 404.981.

Here, the plaintiff accuses Mathews of misuse of benefits received on the plaintiff's behalf and alleges that SSA was negligent in selecting and supervising Mathews while she acted as representative payee. Both of these matters call for initial determinations by SSA and are subject to SSA's administrative review process. Without first obtaining an initial determination, the plaintiff cannot obtain a final agency determination for the court's review.

The plaintiff counters first by noting the "full power and authority" of SSA's Commissioner "to make rules and regulations and to establish procedures, <u>not inconsistent with the provisions of this subchapter</u>, which are necessary or appropriate to carry out such provisions[.]" Pl.'s Opp'n at 2 (quoting 42 U.S.C. § 405(a)) (emphasis in original). SSA's Commissioner, she reasons, "cannot make rules, regulations or procedures which are

4

inconsistent with 42 U.S.C. section 405(j)." *Id.* at 4. In relevant part, 42 U.S.C. § 405(j) provides:

> If the Commissioner of Social Security determines that the interest of any individual under this title would be served thereby, certification of payment of such individual's benefit under this title may be made, regardless of the legal competency or incompetency of the individual, either for direct payment to the individual, or for his or her use and benefit, to another individual, or an organization, with respect to whom the requirements of paragraph (2) have been met (hereinafter in this subsection referred to as the individual's "representative payee"). <u>If the Commissioner of Social Security or a court of competent jurisdiction determines that a representative payee has misused any individual's benefit paid to such representative payee</u> pursuant to this subsection or section 807 or 1631(a)(2) [of the Social Security Act], the Commissioner of Social Security shall promptly revoke certification for payment of benefits to such representative payee pursuant to this subsection and certify payment to an alternative representative payee or, if the interest of the individual under this title would be served thereby, to the individual.

42 U.S.C. § 405(j)(1)(A) (emphasis added). If either the SSA's Commissioner or a court of competent determination "has the power to determine whether or not the personal representative has misused monies paid for the benefit of another," Pl.'s Opp'n at 3, she reasons that SSA's Commissioner "cannot make a rule, regulation and/or procedure which requires a claimant to exhaust administrative remedies before seeking court determination regarding the issue of whether or [sic] a personal representative has misused benefits paid to them [sic] for the benefit of another." *Id.* at 4.

Relying on 42 U.S.C. §§ 405(j)(1), 1007(*l*)(1), and 1383(a)(2)(iii), the plaintiff argues that she may seek judicial review immediately without first having exhausted her administrative

5

remedies with respect to a claim of misuse of benefits by the representative payee.[7] Her reliance is misplaced. These provisions presume that a determination already had been made with respect to a representative payee's alleged misuse of benefits by either SSA or a court of competent jurisdiction. Alone, these statutes do not speak to the method or process for determining whether a representative payee has misused funds. That process is set forth in SSA's Program Operations Manual System. *See* Def.'s Mot. at 12.

Generally, SSA determines whether a representative payee has misused funds after conducting an investigation, which may include reviewing agency records and interviewing the payee, the claimant and others who may have relevant information. *See* Program Operations Manual System (POMS) GN 00604.001 (Overview of Misuse of Benefits) & GN 00604.020

---

[7] Generally, a representative payee who has misused funds is liable for any amount misused:

If the Commissioner of Social Security or a court of competent jurisdiction determines that a representative payee that is not a Federal, State, or local government agency has misused all or part of a qualified individual's benefit that was paid to such representative payee under this section, the representative payee shall be liable for the amount misused, and such amount (to the extent not repaid by the representative payee) shall be treated as an overpayment of benefits under this subchapter to the representative payee for all purposes of this chapter and related laws pertaining to the recovery of such overpayments. Subject to paragraph (2), upon recovering all or any part of such amount, the Commissioner shall make payment of an amount equal to the recovered amount to such qualified individual or such qualified individual's alternative representative payee.

42 U.S.C. § 1007(*l*)(1); *see* 20 C.F.R. § 404.2041. If a representative payee has misused funds, SSA must ensure that payments are made to the beneficiary directly or to another appropriate individual or entity:

If the Commissioner of Social Security or a court of competent jurisdiction determines that the representative payee of an individual or eligible spouse has misused any benefits which have been paid to the representative payee pursuant to clause (ii) or section 405(j)(1) or 1007 of this title, the Commissioner of Social Security shall promptly terminate payment of benefits to the representative payee pursuant to this subparagraph, and provide for payment of benefits to an alternative representative payee of the individual or eligible spouse or, if the interest of the individual under this subchapter would be served thereby, to the individual or eligible spouse.

42 U.S.C. § 1383(a)(2)(iii).

(Investigating Allegations of Misuse).[8]  An allegation of misuse is treated as if it also included a request for restitution.  GN 00604.035 (Overview – Processing Misuse Determinations).  If SSA determines that misuse did not occur, it notifies the beneficiary and her payee that: (1) the alleged misuser used the benefits for the beneficiary's needs; (2) the beneficiary does not qualify for restitution because the payee properly used the benefits; and (3) the beneficiary has the right to appeal our decision about benefit replacement.  GN 0604.040 (No Misuse of Benefits Found).  This restitution determination is treated as an initial determination, and the claimant may request its reconsideration, the first mandatory step of the administrative review process.  *See id.*

In the plaintiff's case, a SSA field office has "initiated an investigation into whether Ramona Mathews appropriately handled the plaintiff's benefits during the period that they were paid to [Mathews but] [n]o determination of misuse has yet been made."  Ford Decl. ¶ (3)(f).  There is no final agency determination for the court to review.

The plaintiff appears to argue in the alternative that she could not have exhausted her administrative remedies because SSA thwarted her efforts.  She states that she "went to the [SSA] office in Washington, D.C., 2100 M Street NW" upon her release from custody, but with each visit to the office she "risked arrest."  Pl.'s Opp'n at 11.  According to the plaintiff, "each and every time she requested an investigation of Ramona Mathews as personal representative," SSA staff "had [her] removed from the office by security guards."  *Id.*  She further alleges that she "made written requests to the SSA office in Ardmore, Oklahoma" and "made requests in writing and in person at the SSA office in Washington, D.C."  *Id.* at 16.  She states that she received no response to her letters.  *Id.*  These efforts neither comply with SSA regulations nor excuse her obligation to follow the SSA's administrative review process to its completion.

---

[8]   SSA's Program Operations Manual System is available on the agency's website (www.ssa.gov/regulations/).

### B. Claim Under the Federal Tort Claims Act

Although the plaintiff cites 28 U.S.C. § 1346 as a basis for the court's jurisdiction, Compl. ¶ 6, nothing in the text of her complaint as amended or in her subsequent papers states a claim under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346, 2671-80. Even if the plaintiff had pursued an FTCA claim, it necessarily fails. "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under [28 U.S.C. § 1346] to recover on any claim" for disability benefits. 42 U.S.C. § 405(h).

### III. CONCLUSION

The court concludes that the plaintiff failed to exhaust her administrative remedies before filing the instant civil action, and, thus, there is no final SSA determination for this court to consider. Accordingly, the court grants the defendants' motion to dismiss. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 5th day of March, 2008.

```
                                    RICARDO M. URBINA
                                    United States District Judge
```